IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JEANNIE CLARK, AMANDA CONGLETON, and TOM ELLIS individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:24-cv-00424 (Removed from Circuit Court of Kanawha County, C.A. No. CC-20-2024-C-774) |
| v. | ) ) | Honorable Irene C. Berger |
| AMERICAN ELECTRIC POWER COMPANY, INC.; APPALACHIAN POWER COMPANY; and HOMESERVE USA REPAIR MANAGEMENT CORP., | ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

**AMERICAN ELECTRIC POWER COMPANY, INC. AND APPALACHIAN POWER COMPANY'S BRIEF IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER**

This case involves putative class claims against Defendants, American Electric Power Company, Inc. ("AEP"), Appalachian Power Company ("APC"), and HomeServe USA Repair Management Corp. ("HomeServe"). Both AEP and APC have filed Motions To Dismiss all of Plaintiffs' claims raised against them and HomeServe has filed both a Motion To Compel two of the Named Plaintiffs to Arbitrate and to Stay Proceedings as well as a separate Motion To Dismiss the claims of the third Named Plaintiff. If successful, those motions will completely dispose of all of Plaintiffs' claims in this Court. AEP/APC and HomeServe also filed Motions To Stay Discovery pending the resolution of their dispositive motions. Briefing is now complete on all of those motions.

1

24325913.1

Despite the pendency of Defendants' motions to stay discovery, Plaintiffs served extensive discovery requests on all three Defendants on December 18, 2024. The stay is warranted under Federal Rule of Civil Procedure 26 (c) to avoid undue burden and expense.

There is good cause for this Court to enter a protective order staying discovery until after it decides the pending dispositive motions. As this Court has repeatedly recognized, a stay of discovery pending the outcome of dispositive motions "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *United States v. Daily Gazette Co.*, Civil Action No. 2:07-0329, 2010 WL 3290289, at *4 (S.D. W. Va. Oct. 18, 2007). That is particularly true here, where Plaintiffs raise putative class claims that have already prompted Plaintiffs to make broad demands for information in discovery. As such, AEP and APC respectfully request that the Court enter a protective order staying discovery until such time as the Court rules upon their respective Motions to Dismiss.

I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY

On July 15, 2024 Plaintiffs, Jeanne Clark ("Clark"), Amanda Congleton ("Congleton"), and Tom Ellis ("Ellis") (collectively "Plaintiffs"), filed a putative Class Action Complaint against Defendants in the Circuit Court of Kanawha County. On August 15, 2024, AEP, APC, and HomeServe filed a timely joint notice of removal with this Court and the case was assigned to the Honorable John T. Copenhaver, Jr. On September 23, 2024, AEP and APC timely filed Motions to Dismiss the Complaint, and accompanying briefs in support. ECF Nos. 11-14. That same day, AEP and APC filed a joint Motion to Stay Discovery, and accompanying brief in support. ECF Nos. 15-16. Also on September 23, 2024, HomeServe filed a Motion to Stay Discovery and a Motion to Dismiss as well as a Motion to Compel Arbitration and Stay Proceedings. ECF Nos. 17-22.

Plaintiffs subsequently filed the operative First Amended Class Action Complaint on October 14, 2024.  ECF No. 31.  Thereafter, the Court entered an Order dismissing as moot AEP, APC, and HomeServe's respective motions.  ECF No. 37.

Although the Court granted extensions to Plaintiffs' response deadlines to the then-pending dispositive motions, the Order and Notice – setting deadlines for the Rule 26(f) planning meeting, the report of the parties' meeting, a scheduling conference, and Rule 26(a)(1) disclosures – largely remained in effect.  ECF No. 6.  In this regard, the parties conducted the first Rule 26(f) planning meeting on September 4, 2024.  On September 26, 2024, the Parties submitted their Report Of Parties' Planning Meeting in which Defendants indicated their position that discovery should be stayed pending the Court's resolution of their respective dispositive motions, consistent with their motions to stay discovery.  ECF No. 23.

By Clerk's Order of November 4, 2024, this action was reassigned "from the docket of the Honorable John T. Copenhaver, Jr., United States District Judge, to the Honorable Irene C. Berger, United States District Judge."  ECF No. 39.  The same Clerk's Order specified that "the referral of this matter for discovery disputes to the Honorable Dwane L. Tinsley, United States Magistrate Judge, is hereby WITHDRAWN and TRANSFERRED to the Honorable Omar J. Aboulhosn, United States Magistrate Judge."  On November 12, 2024, this Court entered its Scheduling Order.  ECF No. 53.

On November 11, 2024, AEP and APC filed their Motions to Dismiss the First Amended Complaint, and accompanying briefs in support.  ECF Nos. 47-50.  That same day, AEP and APC filed a joint Motion to Stay Discovery, and accompanying brief in support.  ECF Nos. 51-52.  Also on November 11, 2024, HomeServe filed a Renewed Motion to Stay Discovery and a Motion to Dismiss as well as a Motion to Compel Arbitration and Stay Proceedings and accompanying briefs

in support.  ECF Nos. 41-46.  Plaintiffs filed their opposition to each of Defendants' motions on December 10, 2024.  ECF Nos. 56-60.  Defendants filed reply briefs in support of their November 11, 2024 motions on December 23, 2024.  ECF Nos. 69-74.

On December 18, 2024, Plaintiffs served their first sets of interrogatories and requests for production of documents on each Defendant.  Copies of Plaintiffs' discovery requests to APC and AEP are attached as Exhibits 1 through 4.

## II.      APPLICABLE STANDARD

For "good cause," a court may enter an order to protect a moving party from annoyance, oppression, or undue burden or expense of discovery.  FED. R. CIV. P. 26(c)(1)(A), (B).  "Importantly, the Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion."  *Bragg v. United States*, No. 2:10-0683, 2010 WL 3835080, at *1 (S.D.W.Va. Sept. 29, 2010) (mem. op. and order) (citing *Thigpen v. United States*, 800 F.2d 393, 396-97) (4th Cir. 1986) (finding that the district court did not err by granting motion to stay discovery pending a ruling upon a dispositive motion under Rule 26(c) because trial courts are "given wide discretion to control this discovery process."); *see* also *Blankenship v. Napolitano*, No. 2:19-cv-00236, 2019 WL 6173530, at *7 (S.D. W. Va. Nov. 19, 2019) (granting motion to stay discovery pending a ruling upon dispositive motion under Rule 26(c)).

"Such a stay is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, at *2 (S.D. W. Va. Feb. 13, 2020).  Moreover, granting a stay "is more appropriate when the action is early in the litigation process." *Id.* at *4 (stating that a "court may grant a stay of discovery after the Rule 26 process and may amend the discovery timeline following a stay").

### III. ARGUMENT

Good cause exists for this Court to issue a protective order staying discovery until after its decision on the pending dispositive motions. This Court has recently identified three factors relevant to whether a motion to stay discovery is appropriate: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Sammons v. Armstrong*, No. 2:23-cv-00236, 2024 WL 3893555, at *5 (S.D. W. Va. Aug. 21, 2024) (Berger, J.) (internal citations omitted). In this case, all three factors identified by this Court in *Sammons* strongly favor staying discovery while the Defendants' Motions To Dismiss are pending.

#### 1. A Protective Order Staying Discovery Would Serve The Interests Of Judicial Economy.

As this Court has acknowledged, the "interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and 'the resolution of which may obviate the need for or limit discovery in this case.'" *Blankenship v. Napolitano*, No. 2:19-cv-00236, 2019 WL 6173530, at *15 (internal citations omitted). That is precisely the case here as AEP and APC's Motions To Dismiss raise dispositive issues under Rule 12(b)(6), arguing that Plaintiffs fail to state a single legally viable claim against them under the governing West Virginia law.

As Judge Copenhaver recently wrote, staying discovery pending the resolution of a motion to dismiss in a putative class action promotes judicial economy:

> In this instance, defendant requests that discovery be stayed pending resolution of its motion to dismiss (ECF 4) filed October 6, 2022. **As to the first factor, the court finds judicial economy weighs in favor of granting the stay. This putative class action lawsuit likely involves complex factual and legal issues**. Moreover, the motion to dismiss raises potentially dispositive legal issues, which may obviate the need for discovery. Thus, the court agrees with defendant that a discovery stay would promote judicial economy.

*Mays v. Peoples Bank*, Civil Action No. 2-22-cv-00418, 2022 WL 17490083, *1 (S.D. W. Va. Dec. 7, 2022) (Copenhaver, J.) (emphasis added).

    **2.**    **The Court Should Issue A Protective Order Staying Discovery Because The Time And Expense Involved With Plaintiffs' Burdensome Class Discovery Requests Would Impose A Significant Burden On APC and AEP.**

Second, the hardship to AEP and APC if the action is not stayed will be significant. Even at this early stage of the case, Plaintiffs have already made wide-ranging requests for information and related documents in discovery. For example, Plaintiffs' First Set of Interrogatories to APC asks the company to "[i]dentify any and all single-family residences . . . that received electricity from Appalachian Power Co. through 'high-voltage' electric lines, as referred to in the Complaint (¶¶ 29-31)" and to describe its

> policies, processes and/or procedures for collecting, maintaining and storing the PII of electric utility customers, including Plaintiffs, including but not limited to the types and/or categories of such customers' PII You collect, maintain and store, the methods you use to obtain customers' PII, any and all agreement(s) You enter with customers regarding Your collection, maintenance and storage of their PII, and Your policies, processes and/or procedures for sharing that PII with other Persons, including HomeServe.

Exhibit 1, Plaintiffs' First Set of Interrogatories Directed To Defendant Appalachian Power Company, Interrogatory Nos. 3 and 7.

Likewise, among the **thirty-one document requests** made in Plaintiffs' more than twenty-page First Set of Requests For Production of Documents to APC are requests that the company produce all "documents and communications containing or relating to electric utility customer communications regarding the condition, repair, servicing or maintenance of exterior electrical lines" and any "and all documents concerning high-voltage electric lines servicing electric utility

customers' property." Exhibit No. 2, Plaintiffs' First Set of Requests For Production of Documents Directed To Defendant Appalachian Power Company Requests, Nos. 6 and 22.

A stay of discovery while the Court resolves the Motions To Dismiss would avoid the "fruitless expenditure of resources devoted to a time-consuming and expensive discovery process." *Blankenship v. Napolitano*, No. 2:19-cv-00236, 2019 WL 6173530, at *15 (internal citations omitted). Indeed, a complete, or, even a partial grant, of the Motions to Dismiss will greatly narrow the scope of discovery, or potentially eliminate the need for it altogether. It is inequitable to require Defendants to undertake the time and expense associated with engaging in burdensome discovery when the Court may dismiss some or all of Plaintiffs' claims. *See Mays*, 2022 U.S. WL 17490083, at *1 (finding that the defendant would suffer hardship if the action was not stayed, "[b]ecause of the costs associated with responding to plaintiff's initial discovery requests.").

> 3. **The Court Should Enter A Protective Order Staying Discovery Because Postponing The Start Of Discovery In The Early Stages Of This Litigation Will Not Prejudice Plaintiffs.**

Third, because this case is still in its infancy, any potential prejudice to Plaintiffs will be minimal. "Granting a stay is more appropriate when the action is early in the litigation process." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, at *2. In *Blankenship v. Trump*, the Court found that the "timing weighs in favor of granting the motion" even though the parties had already served discovery requests in accordance with the scheduling order, but where several months remained before the close of discovery. *Id*. As Judge Copenhaver indicated, the "court has the authority to amend the Scheduling Order following a stay to ensure that the parties still have adequate time for discovery. The court concludes that the plaintiff will not be prejudiced by a stay of discovery pending the resolution of the defendant's motion to dismiss." *Id*.

7

Because Plaintiffs have only recently served their initial discovery requests, a stay will not prejudice them while the Court determines if their claims are legally viable.

## III.  CONCLUSION

Because all of the prerequisite factors are satisfied here, the Court should enter a Protective Order staying discovery until such time as the Court rules upon the dispositive motions.

        Respectfully submitted,

        *s/ Ronda L. Harvey*
        Ronda L. Harvey (WVSB # 6326)
        Steptoe & Johnson PLLC
        Chase Tower – 17th Floor
        707 Virginia Street, East (25301)
        P. O. Box 1588
        Charleston, West Virginia 25326-1588
        (304) 353-8000
        (304) 933-8704 - Facsimile
        Ronda.Harvey@steptoe-johnson.com
        *Counsel for American Electric Power*
        *Company, Inc. and Appalachian Power Company*

        James A. King (*Pro Hac Vice*)
        Porter Wright Morris & Arthur LLP
        41 S High Street
        Columbus, OH 43215
        (614) 227-2051
        (614) 227-2100 - Facsimile
        jking@porterwright.com
        *Counsel for American Electric Power*
        *Company, Inc. and Appalachian Power Company*

        John M. McIntyre (*Pro Hac Vice*)
        Porter Wright Morris & Arthur LLP
        Six PPG Place, Third Floor
        Pittsburgh, PA 15222
        (412) 235-4500
        (412) 235-4510 - Facsimile
        JMcIntyre@porterwright.com
        *Counsel for American Electric Power*
        *Company, Inc. and Appalachian Power Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2025, I electronically filed the foregoing with the Court's CM/ECF Filing System, which constitutes service upon all counsel of record.

*s/ Ronda L. Harvey*
Ronda L. Harvey (WVSB # 6326)
Steptoe & Johnson PLLC
Chase Tower – 17th Floor
707 Virginia Street, East (25301)
P. O. Box 1588
Charleston, West Virginia 25326-1588
(304) 353-8000
(304) 933-8704 - Facsimile
Ronda.Harvey@steptoe-johnson.com
*Counsel for American Electric Power Company, Inc. and Appalachian Power Company*

24325913.1