IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEANNIE CLARK, et al.,

        Plaintiffs,

v.   CIVIL ACTION NO. 2:24-cv-00424

APPALACHIAN POWER COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *HomeServe USA Repair Management Corp.'s Renewed Motion to Stay Discovery* (Document 45) and the accompanying *Brief in Support* (Document 46), *American Electric Power Company, Inc. and Appalachian Power Company's Motion to Stay Discovery* (Document 51) and the accompanying *Brief in Support* (Document 52), the *Plaintiffs' Omnibus Response to Defendants' Motions to Stay Pending Discovery* (Document 59), *HomeServe USA Repair Management, Corp.'s Reply in Support of its Motion to Stay Discovery* (Document 69), the *Reply Brief in Support of American Electric Power Company, Inc. and Appalachian Power Company's Motion to Stay Discovery* (Document 70), *HomeServe USA Repair Management Corp.'s Motion for Protective Order* (Document 75), *American Electric Power Company, Inc. and Appalachian Power Company's Motion for Protective Order* (Document 76) and the accompanying *Brief in Support* (Document 77), as well as all attached exhibits.

The Defendants have all moved to stay discovery until the Court rules on various dispositive motions. HomeServe USA Repair Management Corp. ("HomeServe") argues that it

has filed two dispositive motions that warrant a stay of discovery in this case, namely its *Renewed Motion to Dismiss Claims of Plaintiff Tom Ellis* (Document 43) and its *Renewed Motion to Compel Plaintiffs Clark and Congelton to Arbitrate and to Stay Proceedings* (Document 41). Similarly, Defendant Appalachian Power Company ("APC") and Defendant American Electric Power Company, Inc. ("AEP") argue their *Motions to Dismiss Plaintiffs' First Amended Complaint* (Documents 47, 49) are sufficient to warrant a stay of discovery.

The Defendants' arguments are similar and are thus discussed together here. The Defendants assert that a motion to compel arbitration presents a unique set of circumstances that favors granting a stay, and that federal policy favoring arbitration also warrants a stay. They argue that even if a motion is not entirely dispositive of all claims in a case, a stay of discovery is justified so as not to frustrate arbitration. The Defendants state that a stay is in the interest of judicial economy because the pending dispositive motions may terminate the case, narrow the issues, or focus discovery. Further, the Defendants argue that a stay is necessary to avoid prejudice because otherwise, they will be deprived of the benefits of the agreed upon arbitration, face sweeping discovery requests due to the Plaintiffs' putative class claims and expend significant resources on potentially unnecessary discovery. Finally, they contend that the Plaintiffs will not be prejudiced by a stay because the Plaintiffs will also avoid wasting resources on claims that may be referred to arbitration or dismissed.

The Plaintiffs oppose the Defendants' motions in an omnibus response. The Plaintiffs argue that the Federal Rules of Civil Procedure do not allow for a blanket stay of discovery simply because a dispositive motion is pending. They state a stay is rarely appropriate unless resolution of the dispositive motion will dispose of the entire case, and even if the stay is granted, it may

2

cause case management issues as the case progresses. The Plaintiffs argue that the Defendants make no attempt to show how each one of its dispositive motions is likely to succeed. Regarding HomeServe's motion to compel arbitration, the Plaintiffs argue that whether arbitration is applicable in this case is irrelevant to whether the case can be disposed of without discovery. Further, the Plaintiffs state that the Federal Arbitration Act allows for discovery, so any discovery that is completed in this Court will simply carry over to the arbitration proceedings. Discovery conducted for arbitration will also not be substantially limited if some claims remain, according to the Plaintiffs, because the claims all hinge on the same operative facts. Lastly, the Plaintiffs argue that they will endure substantial prejudice if the stay is granted because counsel will need to reacquaint themselves with the case when the stay is lifted, which will increase litigation costs.

In reply, the Defendants argue that the Plaintiffs mischaracterize the standard applicable to a motion to stay. They state the requirement that the movant show that each dispositive motion will be successful is taken from Nevada case law, not from this jurisdiction. Instead, they assert the standard in this jurisdiction considers the interests of judicial economy, the hardship to the moving party without a stay, and potential prejudice to the non-moving party. The Defendants also differentiate the discovery available under the Federal Arbitration Act, which they contend is limited, from discovery available under the Federal Rules of Civil Procedure argued to be broader.

The Defendants similarly request a protective order to stay discovery (Documents 75, 76) until the identified dispositive motions are decided. The Defendants assert that Rule 26(c)(1) of the Federal Rules of Civil Procedure allows courts to issue an order protecting a party from undue burden or expense, which may include limiting or forbidding discovery. The arguments presented

3

by the Defendants in their requests for a protective order are nearly identical to those in their motions to stay, and the Court does not reiterate them.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (internal citation omitted). "In making this determination, the district court has broad discretion." *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. CV 3:15-14887, 2018 WL 11412001, at *1 (S.D.W. Va. Apr. 30, 2018) (Chambers, J.) (citing *Hickey v. Baxter*, 833 F.2d 1005, at *1 (4th Cir. 1987) (unpublished opinion)).

"Even with the court's broad discretion, however, '[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.'" *Id.* (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). In determining whether the movant has met this burden, the Court must consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 462 (S.D.W. Va. 2013) (Goodwin, J.) (internal quotation and citation omitted).

The Defendants have failed to show that clear and convincing circumstances outweigh the harm the Plaintiffs will face if a stay is granted. Granting a stay would unnecessarily delay proceedings, and neither party will be prejudiced by denying the requested stay. Should the

4

Defendants' motion to compel arbitration be granted, discovery will be required for arbitration. Any discovery conducted now will be applicable to the arbitrated claims. Should the Defendants' motions be denied, the case can proceed without any delay because discovery will have begun, which is in the interest of judicial economy. Overall, requiring the parties to proceed with discovery while the Court considers the dispositive motions will not result in hardship or prejudice. No specific or tangible prejudice has been identified.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *HomeServe USA Repair Management Corp.'s Renewed Motion to Stay Discovery* (Document 45), *American Electric Power Company, Inc. and Appalachian Power Company's Motion to Stay Discovery* (Document 51), *HomeServe USA Repair Management Corp.'s Motion for Protective Order* (Document 75), and *American Electric Power Company, Inc. and Appalachian Power Company's Motion for Protective Order* (Document 76) be **DENIED**. The Plaintiffs' *Unopposed Motion for an Extension of Time* (Document 78), wherein the Plaintiffs request more time to respond to the Defendants' protective order requests, is **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 10, 2025

*[signature: Irene C. Berger]*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA